IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATIE GONZALES,                              3:13-cv-00876-BR

       Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

       Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**NANCY A. MISHALANIE**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-3619

       Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Katie Gonzales seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) payments under Title XVI.  The Commissioner filed a Motion (#17) to Remand this matter on April 14, 2014.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **GRANTS** the Commissioner's Motion (#17) to Dismiss as **MODIFIED** herein, **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for further administrative

proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI on June 5, 2009. Tr. 19.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 25, 2011. Tr. 19. At the hearing Plaintiff was represented by an attorney. Tr. 37. Plaintiff, lay witness Danny Gonzales, and a Vocational Expert (VE) testified at the hearing. Tr. 19.

The ALJ issued a decision on August 17, 2011, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits. Tr. 30. That decision became the final decision of the Commissioner on March 27, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

Plaintiff filed a Complaint for Judicial Review Under the Social Security Act on May 24, 2013, and, as noted, the Commissioner filed a Motion (#17) to Remand on April 14, 2014. The Court took this matter under advisement on May 18, 2014.

## BACKGROUND

Plaintiff was born on February 19, 1982, and was 29 years

---

[2] Citations to the official transcript of record filed by the Commissioner on November 4, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

old at the time of the hearing.  Tr. 194.  Plaintiff completed high school and some college courses.  Tr. 45.  She has past work experience as a customer-service representative and a taxi-cab dispatcher.  Tr. 77-78.

Plaintiff alleges she has been disabled since November 9, 2008, due to bipolar disorder, depression, migraines, and asthma.  Tr. 199.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-28.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  See also *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).

## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648

F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 30, 2008, her alleged onset date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of "pseudotumor cerebri; migraines; affective mood disorder; anemia; personality disorder; obesity (BMI = 38); and,

an organic mental disorder."[3]  Tr. 21.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 23.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> She must avoid concentrated exposure to noise
> . . . fumes, dusts, gases, . . . poor ventilation
> . . . hazards[,] and heights.  She can remember
> and carryout [sic] simple one to two step
> instructions, but may have difficulty carrying out
> tasks that involve three or more step
> instructions.  She may have difficulty
> concentrating for extended periods of times [sic],
> but with normal work breaks she is able to sustain
> a normal workday/week.  She is limited to
> occasional contact with the public and coworkers.

Tr. 24-25.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as a photo-copy machine operator, small-products assembler, and produce sorter.  Tr. 30.  Accordingly, the ALJ found Plaintiff is not disabled.

---

[3] The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. *See* Tr. 21, 199.

9 - OPINION AND ORDER

9 - OPINION AND ORDER

## **DISCUSSION**

Plaintiff contends the ALJ erred when he (1) improperly rejected the opinion of consultative examiner Keli Dean, Psy.D.; (2) improperly rejected the lay-witness testimony of Daniel Gonzales; and (3) made findings at Step Five that were inconsistent with Plaintiff's RFC.

In its Motion to Remand the Commissioner states: "The parties agree that the case should be reversed and remanded for further proceedings, but disagree on the extent of the [ALJ] error." Specifically, the parties disagree only as to whether the ALJ properly rejected Dr. Dean's opinion. Accordingly, the Commissioner requests the Court reverse and remand the case for further administrative proceedings.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Specific, legitimate reasons for rejecting a physician's opinion may include reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v.*

10- OPINION AND ORDER

*Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  *See also Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995).

When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

Generally, the more consistent an opinion is with the record as a whole, the more weight an opinion should be given.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Plaintiff was referred to Dr. Dean by the Department of Human Services for purposes of determining Plaintiff's "interpersonal capabilities and limitations, to assess her functional capabilities with regard to learning new skills and retaining information, and to provide the appropriate mental health diagnoses."  Tr. 347.  Dr. Dean completed psychological evaluations of Plaintiff on March 11, 2009, and April 29, 2009.  Tr. 347-61.  Plaintiff and her father participated in a "semi-structured clinical interview where they provided [Dr. Dean] with information about [Plaintiff's] personal history."  Tr. 347.  Dr. Dean noted Plaintiff's medical records were not available at the time of the interview, and, accordingly, Plaintiff's background information and symptoms were based on Plaintiff's "self-report."  Tr. 347.

11- OPINION AND ORDER

Dr. Dean performed a series of tests to evaluate Plaintiff's intelligence, attention, and personality and tests to determine whether Plaintiff exhibits symptoms of Adult Attention Deficit Disorder.  Dr. Dean gave Plaintiff Axis I diagnoses of combined type attention deficit/hyperactivity disorder (ADHD) and moderate, recurrent major depression and assigned Plaintiff a GAF[4] score of 55.  Tr. 355.

Dr. Dean completed a Mental RFC Report form in which she opined Plaintiff was "markedly limited" in her ability to understand, to remember, and to carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities with a schedule, to maintain regular attendance, and to be punctual within customary standards; and to work in coordination with or proximity to others without being distracted by them.  Tr. 361-62.  "Markedly limited" is defined in the form as a "limitation which precludes the ability to perform the designated activity on a regular and sustained basis, *i.e.*, 8 hours a day, 5 days a week, or an equivalent schedule."  Tr. 361.  Dr. Dean opined Plaintiff's conditions would last at least twelve months, but her prognosis was "positive with treatment."  Tr. 362.

---

[4]  A Global Assessment of Functioning (GAF) score rates a person's psychological, social, and occupational functioning on a hypothetical continuum of mental-health illness.  *See* DSM-IV at 34.

12- OPINION AND ORDER

Dr. Dean also recommended a number of accommodations that Plaintiff would need for successful employment, including "break[ing] the workday into highly structured chunks," "allow[ing Plaintiff] to choose high-interest materials and tasks," "prioritiz[ing] assignments for completing work" and "divid[ing] large assignments into smaller tasks and steps," and making "eye contact with [Plaintiff] before speaking to her or giving her oral instructions." Tr. 358.

The ALJ "gave little weight" to Dr. Dean's opinion on the grounds that Dr. Dean "did not take into account [Plaintiff's] abilities if she followed up with counseling for her mental impairments" and Plaintiff's "daily activities and her social interactions with others do not support the severity of Dr. Dean's limitations." Tr. 28.  The ALJ also concluded Dr. Dean appeared to base many of his opinions on Plaintiff's subjective limitations.[5]

The ALJ's conclusion that Dr. Dean did not take into account Plaintiff's "abilities if she followed up with" mental-health treatment is not supported by the record.  Dr. Dean specifically recommended in her report that Plaintiff should "be treated

---

[5] The ALJ also discredited Dr. Dean's opinion because she "stated [Plaintiff] was a child when she alleged disability, which is not accurate." Tr. 28.  The Commissioner, however, concedes this reason "may not be a specific and legitimate reason to discount [Dr. Dean's] opinion and may have been a misreading of the record." Def.'s Mot. at 11.  The Court, therefore, need not address this issue.

13- OPINION AND ORDER

through individual therapy" in light of the fact that psychological testing suggested Plaintiff "has more serous psychological issues than she discussed during the clinical interview . . ." and that Plaintiff would benefit from a counselor who could "help her to learn skills to manage her depression and ADHD symptoms."  Tr. 356.  Moreover, as noted, Dr. Dean opined Plaintiff's prognosis was "positive with treatment."

When he considered Plaintiff's testimony, the ALJ noted Plaintiff's activities include grocery shopping, watching television, and driving a car.  Tr. 28.  The ALJ did not explain how these activities were inconsistent with Dr. Dean's opinion that Plaintiff is markedly limited, for example, in her ability to "understand, remember, and carry out detailed instructions, to maintain attention and concentration for extended periods."  The ALJ also failed to identify the specific "social interactions with others" that he found undermined Dr. Dean's opinion. Moreover, as Plaintiff points out, the ALJ's conclusion that many of Dr. Dean's opinions were based on Plaintiff's subjective reporting is not consistent with Dr. Dean's report, which clearly shows her opinions were based on extensive testing in addition to her interviews of Plaintiff and Plaintiff's father.

The Court concludes on this record that the ALJ erred when he rejected the opinion of Dr. Dean because the ALJ did not

14- OPINION AND ORDER

provide legally sufficient reasons supported by substantial evidence in the record for doing so.

In light of the parties' agreement that the ALJ erred in certain respects and the Court's conclusion herein that the ALJ erred when he rejected the opinion of Dr. Dean, the Court **GRANTS** the Commissioner's Motion to Remand **AS MODIFIED** below.

## REMAND

As noted, the parties agree this matter should be remanded for further proceedings because there are "outstanding issues that must be resolved before a [final] determination of disability can be made." *Smolen*, 80 F.3d at 1292.  The Court agrees.

Accordingly, the Court remands this matter to the ALJ for further proceedings to (1) accept any new evidence that Plaintiff submits, (2) reconsider the opinion of Dr. Dean, (3) give further consideration to the lay-witness testimony of Daniel Gonzales, (4) further evaluate Plaintiff's RFC in light of the above, and (5) continue with the remaining steps of the sequential evaluation and determine whether Plaintiff could perform jobs that exist in significant numbers in the national economy.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's

15- OPINION AND ORDER

Motion (#17) **AS MODIFIED** herein, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

                                        /s/ Anna J. Brown
                                        ANNA J. BROWN
                                        United States District Judge